IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. |
| *v.* | ) | 1:24-CR-257-JPB-JSA |
| | ) | |
| DWAYNE PETERSON DAVIS | ) | |

## MOTION FOR BILL OF PARTICULARS

Defendant Dwayne Peterson Davis, through counsel, respectfully moves the Court to order the government to file a Bill of Particulars that sets out sufficient information for Mr. Davis to evaluate and prepare to defend the Indictment's venue and aiding and abetting allegations.

### I.     The Indictment.

Counts One through Ten of the Indictment charge Mr. Davis with wire fraud under 18 U.S.C. §§ 1342 and 2. Counts Eleven through Sixteen charge money laundering under 18 U.S.C. §§ 1957 and 2. (Doc. 1). Seven wire fraud counts allege a financial transaction; three counts allege telephone calls between Mr. Davis and two other individuals. (*Id.* at ¶20).  The money laundering counts allege six additional financial transactions. (*Id.* at ¶23).

With one exception, the conclusory and general allegation that the charged offenses occurred "in the Northern District of Georgia and elsewhere in the United

States" is the only location allegation in the Indictment. (*Id.* at ¶¶20, 23). The sole exception is the allegation that the real estate development underlying the alleged partnership between GEICO and Mr. Davis was located in South Carolina. (*Id.* at ¶3). The Indictment is otherwise utterly silent as to where anything occurred, much less that anything occurred in the Northern District of Georgia. *See* (Doc 1). Paragraph 1 of the Indictment, the paragraphs alleged as "Background," and the "Manner and Means" allegations are bereft of any specific allegation regarding the purported location of anything, anyone, any entity, or any conduct, other than the sole reference to South Carolina. (*Id.* at ¶¶1-19). Nor does the table alleging the execution of the alleged wire fraud scheme allege any specific location information, much less any location in the Northern District of Georgia, for each wire fraud count. (*Id.* at ¶20).

The Indictment alleges venue in a similar fashion for the six financial transactions alleged as money laundering counts, albeit alleging originating and receiving bank accounts (at one bank with over 300 locations in the Southeast and another primarily located in South Carolina) for two of the individual money laundering counts. (*Id.* at ¶23). The other four transactions allege only an account at a bank primarily located in South Carolina. (*Id.*). The Indictment alleges that the requisite specified unlawful activity is "the wire fraud scheme charged in Counts 1 through 10" of the Indictment. (*Id.*). However, as described above, other than one

2

allegation regarding South Carolina, the Indictment is silent as to the locus of any conduct, entity, or individual alleged in the purported wire fraud scheme.

Although the Indictment does not allege conduct by any other individual, the Indictment alleges that Mr. Davis was "aided and abetted by others known and unknown." (*Id.* at ¶¶1, 20, 23). The Indictment does not set forth a single allegation regarding conduct by another individual or entity that could support the allegations that Mr. Davis was allegedly "aided and abetted" by anyone.  Other than Mr. Davis, the Indictment alleges conduct by the purported victim, GEICO, and two participants in three telephone calls, one of whom worked for GEICO (Ingalls) and the other of whom was a lawyer for the partnership alleged in the Indictment (Cunningham).

## II.    **Legal Standards**.

Federal Rule of Criminal Procedure 7(f) authorizes the Court to direct the government to file a bill of particulars. "A district court should require the government to file a bill of particulars where it is necessary '(1) to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense; (2) to minimize surprise at trial; and (3) to enable the defendant to plead double jeopardy in the event of a later prosecution for the same offense.'" *United States v. Pendergrass*, No. 1:17-CR-224-AT-CMS, 2020 WL 716747, at *1 (N.D. Ga. Jan. 22, 2020), *R&R adopted*, 2020 WL 709283 (N.D. Ga.

3

Feb. 12, 2020) (quoting *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985)). "A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information necessary for trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (emphasis omitted). "A request for bill of particulars is, *inter alia*, befitting in those instances where defendant seeks further clarity and precision with regard to the charges that he is facing in order to adequately prepare a defense." *United States v. Hassoun*, 477 F. Supp. 2d 1210, 1227-28 (S.D. Fla. 2007) (citing *Warren*, 772 F.2d at 837).

"[V]enue is an essential element of the government's proof at trial." *United States v. Snipes*, 611 F.3d 855, 865 (11th Cir. 2010). "'[T]he Constitution, the Sixth Amendment, and Rule 18 of the Federal Rules of Criminal Procedure guarantee defendants the right to be tried in the district in which the crime was committed.'" *Id.* at 866 (quoting *United States v. Breitweiser*, 357 F.3d 1249, 1253 (11th Cir. 2004)).

Wire fraud venue is properly laid in a district in which the alleged wirings began, passed through, or ended. *See United States v. Williams*, No. 1:10-CR-150-TCB-AJB, 2010 WL 3488131, at *3 (N.D. Ga. Aug. 2, 2010), *R&R adopted*, No. 1:10-CR-150-TCB, 2010 WL 3488130 (N.D. Ga. Aug. 30, 2010) ("[W]ire fraud . . . [is] properly tried in any district where a ... wire communication was transmitted in furtherance of [the] fraud scheme.") (quoting *United States v. Ebersole*, 411 F.3d 517,

527 (4th Cir. 2005)); *United States v. Waddell*, No. 4:15-CR-095, 2018 WL 1157552, at \*3 (S.D. Ga. Mar. 5, 2018), *rev'd on different grounds*, 840 F. App'x 421 (11th Cir. 2020) (wire fraud charges are "properly tried in any district where a ... wire communication was transmitted in furtherance of [the] fraud scheme.") (omission in original) (quoting *Ebersole*, 411 F.3d at 527); *see also Boruff v. United States*, 310 F.2d 918, 923 (5th Cir. 1962) (reversing wire fraud conviction for improper venue where no interstate wire transmission began, passed through, or ended in forum district); *United States v. Jefferson*, 674 F.3d 332, 368 (4th Cir. 2012), *as amended* (Mar. 29, 2012) (reversing wire fraud conviction although the scheme was devised in the forum state because the "distinct parts [of the wiring] – the making and completion – occurred" in districts other than the forum).

Venue for the money laundering offenses alleged in the Indictment lies in "any district in which the financial or monetary transaction is conducted" or "any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted." 18 U.S.C.A. § 1956(i)(1)(A) & (B) (venue provisions for 18 U.S.C.A. § 1957).

### III.    Argument and Authority.

#### a.  Venue Allegations.

The purported venue allegations in the Indictment are too vague and lacking for Mr. Davis to prepare to defend whether venue has been properly laid in the Northern District of Georgia for the offenses charged in the Indictment. The Court should order the Government to file a bill of particulars setting out the alleged facts that it intends to prove to establish venue for each count.

Even under the bare-bones pleading standards applicable to federal Indictments, the Indictment here does not provide enough information to evaluate and prepare to contest whether the wire fraud charges allege wirings that began, passed through, or ended in the Northern District of Georgia.  Similarly, the Indictment does not allege enough to evaluate and contest whether venue is properly laid under § 1956(i)(1)(A) or (B) for the money laundering charges. Specifically, the Indictment is too vague to determine whether venue is laid based on an allegation that financial transactions were conducted in this district or based on the allegation that the specified unlawful activity occurred in this district.

While the Indictment alleges in conclusory fashion that the wirings and financial transactions occurred "in the Northern District of Georgia and elsewhere in the United States," this applied-to-the-whole bald allegation is too general and vague to prepare to defend whether venue is properly laid as to each individual wire fraud

and money laundering count. The partnership between GEICO and Mr. Davis alleged in the Indictment, PIS QOZ Fund 2018-A LP, was formed for GEICO to invest approximately $26 million in a tax advantaged opportunity zone development in North Augusta, South Carolina, which obviously is not in the Northern District of Georgia.  Other than that one allegation regarding South Carolina, the Indictment does not allege any specific location information for anything.  For example, in alleging the wire fraud counts, the Indictment baldly alleges the wire transfer of money from one entity to another, with no specificity about any fact to support venue, such as the location where a wire began, passed through, or ended. Similarly, the Indictment is silent as to any location relevant to the telephone calls alleged as Counts Eight through Ten – i.e., it alleges no facts regarding any location where such calls originated, passed through, or ended. And the money laundering charges, at least those that allege a bank, allege banks with multiple locations in multiple districts or principally located in another district.

Discovery does not provide the missing information that Mr. Davis seeks here. While the government has produced account statements and wiring information from various accounts allegedly relevant to the charged wires and financial transactions, those documents do not show how the government intends to prove that each of the charged wirings began, transited, or ended in the Northern District of Georgia. For example, for the financial transaction alleged in Count One, the government

7

produced a wire advice provided by GEICO reflecting several locations, none of which are in the Northern District of Georgia (even assuming *arguendo* and solely for purposes of this motion that a wire advice is sufficient evidence of venue). Discovery contains other wire advices for charged transactions that do not reflect a wiring to, from, or through the Northern District of Georgia. For certain counts, discovery on the charged wire consists of an account statement from banks and financial institutions with locations in many districts. An account statement does not reflect where a specific wiring began, passed through, or ended. Regarding the telephone calls, the government has not produced toll or account records for any of the phone calls alleged in Counts Eight through Ten.

Other courts have ordered the government to file a bill of particulars for venue allegations as vague and lacking as this Indictment. In *United States v. Jones*, No. 7:16-CR-30026, 2017 WL 1169754, *3 (W.D. Va. Mar. 27, 2017), the indictment, like this one, alleged only that certain counts occurred "in the Western District of Virginia, Eastern District of Virginia and elsewhere." As here, the defendant sought "information relevant to determining whether an objection to venue [was] warranted." *Id.* at *2 (noting that the defendant risked waiver of any venue objection if not raised before trial). Because the indictment did not allege "[s]pecific information as to the location of physical acts that link the defendant" to the underlying crime, the Court ordered the government to file a bill of particulars

"detailing the evidence that supports venue in the" forum district. *Id.* at *3. Similarly, in *United States v. Mackey*, No. 21-CR-80 (NGG), 2022 WL 2093012, at *3 (E.D.N.Y. May 13, 2022), the court ordered the government to file a bill of particulars "stating, and clarifying, the facts that the government intends to establish venue at trial." *See also United States v. Stickle*, 355 F. Supp. 2d 1317, 1320, n.1 (S.D. Fla. 2004), *aff'd*, 454 F.3d 1265 (11th Cir. 2006) (ordering "the Government to provide supplemental notice to the Defendants if it intends to rely on any additional facts and circumstances to establish venue" in the forum district).

A bill of particulars regarding venue for all counts is necessary to inform Mr. Davis of the "charge[s] against him with sufficient precision to allow him to prepare his defense" and to "minimize surprise at trial." *See Pendergrass*, 2020 WL 716747, at *1. The Court should order the government to particularize the venue allegations, so that Mr. Davis can prepare to defend whether venue is properly laid in this district.

### b. Aiding & Abetting Allegations.

The government also should be ordered to particularize the aiding and abetting allegations in the Indictment, for which no supporting facts have been alleged or produced in discovery. Particularization is necessary for Mr. Davis to prepare to defend a government case that involves other alleged wrongdoers or a government case in which he is the only alleged wrongdoer.

Magistrate Judge Vineyard has previously ordered the government to particularize aiding and abetting allegations more specific than those here.  In *United States v. Melvin*, No. 3:14-CR-00022-TCB-RGV, (Doc. 1 at ¶1) (N.D. Ga. 2015), the indictment alleged that four defendants and an unindicted Person A engaged in insider trading "aided and abetted by each other." Granting motions for a bill of particulars, Magistrate Judge Vineyard ordered the government "to file and serve a bill of particulars detailing the aiding and abetting allegations . . . including the identity of each person known to the government who is alleged to have aided and abetted each of the defendants." *United States v. Melvin*, No. 3:14-CR-00022-TCB-RGV, 2015 WL 7116737, at *2 (N.D. Ga. May 27, 2015), *R&R adopted*, 143 F. Supp. 3d 1354 (N.D. Ga. 2015), *aff'd*, 918 F.3d 1296 (11th Cir. 2017).[1]

The Court here should follow the weight of authority and do the same. *See United States v. Williams*, No. 3:16-CR-003-TCB-RGV, 2016 WL 10649420, at *15 (N.D. Ga. Oct. 19, 2016), *R&R adopted*, 2017 WL 1030804 (N.D. Ga. Mar. 16, 2017) (granting motion for a bill of particulars "with respect to providing the particulars of the aiding and abetting allegations"); *United States v. Greenhill*, No. 1:18-CR-108-MHC-JFK, 2018 WL 5659933, at *4, 8 (N.D. Ga. Sept. 20, 2018), *R&R adopted*, 2018 WL 5649898 (N.D. Ga. Oct. 31, 2018) (ordering

---

[1] Magistrate Vineyard's order for a bill of particulars is at Docket 98 of that case. *See United States v. Melvin*, No. 3:14-CR-00022-TCB-RGV, Docket 98 (N.D. Ga. April 7, 2015) (available on Pacer) (the Court "hereby Orders the government to file . . . a bill or particulars detailing the aiding and abetting allegations . . . including the identity of each person known to the government who is alleged to have aided and abetted" the defendants.).

government to provide "the identity of all known co-conspirators or aiders and abettors.); *United States v. Jones*, No. 1:11-CR-42-TCB-LTW, 2012 WL 4049449, at *14 (N.D. Ga. Aug. 3, 2012), *R&R adopted*, 2012 WL 4049448 (N.D. Ga. Sept. 13, 2012) (finding bill of particulars identifying alleged aiders and abetters "necessary to avoid surprise or for understanding the nature and scope" of charges); *United States v. Espinal*, No. 1:11-CR-00060-ODE, 2011 WL 7004195, at *2 (N.D. Ga. Aug. 29, 2011), *R&R adopted*, 2012 WL 92451 (N.D. Ga. Jan. 10, 2012) (finding that information sought regarding alleged other participants "is within the proper scope of a bill of particulars").

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion for a Bill of Particulars and order the Government to particularize the venue and aiding and abetting allegations in the Indictment.

Respectfully submitted this 13th day of December 2024.

_____
Douglas W. Gilfillan
Georgia Bar No. 294713

Gilfillan Law LLC
One Atlantic Center
1201 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
Phone: (404) 795-5016
Email: doug@gilfillanlawllc.com

*Counsel for Dwayne Peterson Davis*

## LOCAL RULE 7.1D CERTIFICATE

The undersigned hereby certifies that the foregoing has been formatted in Times New Roman font, 14 point type, which complies with the font size and point requirements of Local Rule 5.1C.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 13th day of December, 2024.

*/s/ Douglas W. Gilfillan*
Douglas W. Gilfillan