IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. |
| v. | ) | 1:24-CR-257-JPB-JSA |
| | ) | |
| DWAYNE PETERSON DAVIS | ) | |

**MOTION FOR DISCOVERY AND EARLY PRODUCTION**

Defendant Dwayne Peterson Davis, through counsel, respectfully moves the Court to order the government to produce to him communications between the government and GEICO, the alleged victim and whose accusations the government has adopted with little independent investigation. Such communications should be produced to Mr. Davis under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), their progeny, and Federal Rule of Criminal Procedure 16(a)(1)(E). Production in advance of trial is necessary for Mr. Davis to make effective use of such materials at trial.

**I.    Background – GEICO's relationship with Mr. Davis.**

Since approximately 2012 and continuing even to the present day (notwithstanding the Indictment here), GEICO and Mr. Davis have been and

1

currently are partners together[1] in multiple partnerships formed for the sole purpose of generating substantial tax benefits in excess of $200 million for GEICO from investments in various tax advantaged transactions (such as conservation easements and opportunity zone investments). GEICO's role in these partnerships was simple: GEICO contributed and was supposed to contribute tens of millions of dollars to each partnership to generate tax benefits for itself that far exceeded the capital it contributed and was supposed to contribute. Mr. Davis's role also was simple: in return for fees and a share of the upside, he managed the operation of the partnerships, which included, among other things, managing the underlying real estate developments and paying the partnership's bills (such as property taxes). Over the course of their relationship, GEICO invested over a hundred million dollars with Mr. Davis for the purpose of obtaining tax advantages exceeding $200 million.

But even though it reaped tax benefits exceeding $200 million from its relationship with Mr. Davis, in approximately 2019, GEICO began failing to live up to its partnership obligations, most significantly its obligations to fund the operations of these partnerships. The partnership alleged in the Indictment, PIZ QOZ Fund 2018-A ("2018-A"), was the last or among the last of the partnerships

---

[1] GEICO and Mr. Davis's company, typically a company named Peachtree Investment Solutions LLC ("PIS") in which Mr. Davis was a member with another individual, or affiliated entities, are the only two parties in interest in each partnership.

formed between GEICO and Mr. Davis. GEICO's failure to meet its partnership obligations in 2018-A included reneging on an additional, required $11 million capital contribution. By the summer of 2021, GEICO's failure to meet its partnership obligations in 2018-A and other partnerships had damaged Mr. Davis to the tune of more than $10 million.

## II.   Background – GEICO's allegations to the government.

The government's investigation of this case appears to have begun at least by August 30, 2021, when a lawyer representing GEICO sent an 11-page memorandum addressed to "United States Department of Justice." This memorandum is entitled "Dwayne 'Pete' Davis Wire Fraud Investigation" and was sent to someone as yet unidentified within the government. At some point, GEICO produced to the government a subset of hand-selected emails and other documents from the five month period alleged in the Indictment (April to August 2021).

During the three-year period between GEICO's memorandum and the return of the Indictment, at least one lawyer for GEICO, and perhaps others, communicated on multiple occasions with the assigned Assistant U.S. Attorney in this district, the case agent, both, or even others in the government. The government has refused to produce to Mr. Davis any record of GEICO's communications with it, despite his written and oral requests for those records under Rule 16, *Brady*, *Giglio*, *Kyles* and their progeny. Mr. Davis has no way of

knowing if other representatives for GEICO, one of the largest insurers in the world and based in Washington, D.C., communicated with other Department of Justice officials there or in this district about its dispute with Mr. Davis. Nor can Mr. Davis determine how many communications with the government preceded its August memorandum, all of which were within the period alleged in the Indictment.

It appears that the government has essentially adopted GEICO's version of events with no real investigation. Other than the hand-selected materials from GEICO, based on discovery the whole of the government's investigation here appears to consist essentially of obtaining records from three banks, J.A. who is alleged in connection with one money laundering count, from the Georgia Secretary of State regarding three entities, and from a third party unrelated to the allegations in the Indictment. Other than Mr. Davis, in the three years after GEICO's August 2021 memorandum, the government apparently did not interview a single witness regarding GEICO's allegations before seeking an Indictment.

### III.   Legal Standards.

"[T]he Government has an absolute constitutional obligation to produce any material within its possession that is materially exculpatory or impeaching to a government witness." *United States v. Mitrovic*, 286 F.R.D. 683, 687 (N.D. Ga. 2012) (citing *Brady*, 373 U.S. at 87 (1963)). "*Brady* requires the prosecutor to turn

over to the defense evidence that is favorable to the accused, even though it is not subject to discovery under Rule 16(a)." *United States v. Jordan*, 316 F.3d 1215, 1251 (11th Cir. 2003) (quoting *United States v. Newton*, 44 F.3d 913, 918 (11th Cir. 1995)).

*Giglio* "requires the Government to provide impeachment information about testifying witnesses." *United States v. Valdes*, 214 Fed. Appx. 948, 951 (11th Cir. 2007). "In *Giglio*, the Supreme Court applied *Brady* to hold that, where the credibility of a witness is at issue, the government is required to disclose evidence bearing on the witness's credibility." *United States v. Lawson*, 368 Fed. Appx. 1, 4 (11th Cir. 2010) (unpublished decision). "Impeachment evidence should be disclosed in time to permit defense counsel to use it effectively in cross-examining the witness." *Jordan*, 316 F.3d at 1253

Rule 16 requires that the government permit the defendant, upon request, to inspect any papers, documents, or tangible objects that are in the government's possession and (1) are material to preparing the defense, (2) are intended to be used by the government in its case in chief, or (3) were obtained from the defendant. Fed. R. Crim. P. 16(a)(1)(E). "The purpose of Rule 16 is to protect a defendant's right to a fair trial." *United States v. Camargo-Vergara*, 57 F.3d 993, 999 (11th Cir. 1995). "Substantial prejudice results if a defendant is unduly surprised and lacks an

adequate opportunity to prepare a defense." *United States v. Bueno-Sierra*, 99 F.3d 375, 380 (11th Cir. 1996).

### IV. Argument and Authority.

The government should be ordered to disclose to Mr. Davis its communications with representatives of GEICO both that preceded the Indictment in this case and that followed it. Such communications are material to Mr. Davis's defense because they undoubtedly reflect that GEICO involved law enforcement during the period alleged in the Indictment without informing the government about its own conduct in its partnerships with Mr. Davis, including 2018-A. Specifically, the discovery sought here will show that GEICO did not disclose to or provide the government with any evidence of its broader relationship with Mr. Davis, that it failed to live up to its partnership obligations to 2018-A and Mr. Davis, and that it was seeking to get an advantage over its longtime partner, Mr. Davis, by going to federal law enforcement.

When viewed in context, the dispute between GEICO and Mr. Davis is a civil dispute between long-time business partners whose relationship GEICO had decided had run its course, even though that relationship had been tremendously rewarding to GEICO. GEICO's use of the federal law enforcement process to gain an advantage against Mr. Davis is material and exculpatory evidence in this case and also is impeachment evidence for expected witnesses from GEICO. For example, Seth

Ingalls, alleged as a participant in the Count Eight telephone call, was the GEICO employee leading its business with Mr. Davis in 2018-A and the other partnerships. Mr. Ingalls was undoubtedly involved, if not the actual decision-maker, in GEICO's decision to go to law enforcement. Among the other matters described above, the discovery sought here will reflect the timing of the decision to go to federal law enforcement, which fell within the period alleged in the Indictment.

     Disclosure is also necessary here to avoid surprise, given that the government did not investigate GEICO's allegations beyond gathering some bank and Secretary of State records. GEICO's communications with the government apparently were both roadmap and recipe for the Indictment obtained by the government and for its case based on discovery. Production of the requested discovery will give Mr. Davis a more fulsome view of GEICO's conduct here, a view that is material to the defense of this case and the production of which is needed to avoid unnecessary surprise at trial.

     The disclosure of the discovery sought will neither burden nor prejudice the government. Production to Mr. Davis should be a simple a matter of gathering and producing emails, any written correspondence, and any notes of government representatives documenting calls with GEICO's lawyers. In contrast, the failure to produce these materials to Mr. Davis will impermissibly burden his constitutional

rights. In short, no good reason appears to Mr. Davis to resist the discovery sought here.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion and order the government to produce records reflecting communications between the government and GEICO.

Respectfully submitted this 13th day of December, 2024.

 

_____
Douglas W. Gilfillan
Georgia Bar No. 294713

Gilfillan Law LLC
One Atlantic Center
1201 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
Phone: (404) 795-5016
Email: doug@gilfillanlawllc.com

*Counsel for Dwayne Peterson Davis*

## LOCAL RULE 7.1D CERTIFICATE

The undersigned hereby certifies that the foregoing has been formatted in Times New Roman font, 14 point type, which complies with the font size and point requirements of Local Rule 5.1C.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 13th day of December, 2024.

*/s/ Douglas W. Gilfillan*
Douglas W. Gilfillan