IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>DWAYNE PETERSON DAVIS | CRIMINAL ACTION NUMBER<br>1:24-CR-257-JPB-JSA |

**RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

The United States of America files this response in opposition to Defendant Davis's Motion for Bill of Particulars [Doc. 13].

## Introduction

Counts 1 through 10 of the Indictment charge wire fraud under 18 U.S.C. §§ 1343 and 2. [Doc. 1]. Counts 11 through 16 charge transactional money laundering under 18 U.S.C. §§ 1957 and 2. [*Id.*].

The case is before the Court on Davis's Motion for Bill of Particulars, which asks the Court to "order the Government to particularize the venue and aiding and abetting allegations in the Indictment." [Doc. 13 at 11]. Davis argues that he requires a Bill of Particulars because the Indictment alleges—without providing what he considers the necessary specifics—that (1) the charged offenses occurred "in the Northern District of Georgia and elsewhere" [*id.* at 1-2]; and (2) that he was "aided and abetted by others known and unknown" [*id.* at 3].

## Applicable Law

To convict a defendant of wire fraud under §1343, the government must prove that the defendant intentionally participated in a scheme to defraud someone of money or property and used, or caused someone else to use, interstate wires for the purpose of executing the scheme. *United States v. Ward*, 486 F.3d 1212, 1221-22 (11th Cir. 2007). A scheme to defraud can be established by "proof of material misrepresentations, or the omission or concealment of material facts." *United States v. Hasson,* 333 F.3d 1264, 1270-71 (11th Cir. 2003). "To convict a defendant of money laundering under § 1957[,] the government must prove (1) that the defendant knowingly engaged or attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000, and (2) that the property is derived from specified unlawful activity." *United States v. Molina*, 413 F. App'x 210, 213 (11th Cir. 2011). Under 18 U.S.C. § 2, a Defendant is criminally responsible for the acts of another person if he willfully directed or authorized that person to act.

"[V]enue is an essential element of the government's proof at trial." *United States v. Snipes*, 611 F.3d 855, 865-66 (11th Cir. 2010). "Evidence of venue need not be direct; when circumstantial evidence as a whole reasonably supports the inference that the crime was committed in the trial district, the government's

burden is satisfied." *United States v. Bradley*, 644 F.3d 1213, 1253 (11th Cir. 2011) (citation omitted). There is no strict formula for determining whether venue is proper in a particular jurisdiction; rather, "[t]he 'locus delicti [of a crime] must be determined from the nature of the crime alleged and the location of the act or acts constituting it.'" *United States v. Breitweiser*, 357 F.3d 1249, 1253 (11th Cir. 2004) (quoting *United States v. Rodriguez–Moreno*, 526 U.S. 275, 279 (1999)).

Venue for wire fraud is governed by 18 U.S.C. § 3237(a), which provides that an offense may be prosecuted "in any district in which such offense was begun, continued, or completed." Because wire fraud is a continuing offense, it may be prosecuted "in any district from, through or into which" the wire moved. *Id.* Moreover, a defendant may be convicted for causing a wire transmission into the district where he is tried even if he is "not the actual sender or receiver." *United States v. Ebersole*, 411 F.3d 517, 527 (4th Cir. 2005) (citation omitted).

"Venue for a money laundering offense is proper in any district in which the financial or monetary transaction is conducted or in any district where a prosecution for the underlying unlawful activity could be brought." *United States v. Svete*, No. 3:04-CR-10-MCR, 2014 WL 941448, at *10 (N.D. Fla. Mar. 11, 2014) (citing 18 U.S.C. § 1956(i)).

Rule 7 of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). But Rule 7(c) does not require the government to plead venue. *United States v. McMillan*, No. 1:23-CR-309-SDG-JKL, 2024 WL 3564854, at *3 (N.D. Ga. July 3, 2024), *report and recommendation adopted,* 2024 WL 3557449 (N.D. Ga. July 26, 2024); *see also United States v. Branan*, 457 F.2d 1062, 1065 (6th Cir. 1972) ("The necessity for proof of venue does not . . . require an allegation of venue in the indictment itself."); *United States v. Kapordelis*, No. 1:04-CR-249-CAP, 2006 WL 8437773, at *3 (N.D. Ga. Nov. 30, 2006), *report and recommendation adopted in part,* 2007 WL 9717350 (N.D. Ga. Mar. 19, 2007) (concluding that an indictment is "not legally insufficient" because it fails to allege venue). Nevertheless, while an indictment "need not specify the exact location of the offense, [it] must be sufficiently specific to allege that the crime was committed within the jurisdiction of the court." *United States v. Williams*, No. 1:10-CR-150-TCB-AJB, 2010 WL 3488131, at *4 (N.D. Ga. Aug. 2, 2010), *report and recommendation adopted*, 2010 WL 3488130 (N.D. Ga. Aug. 30, 2010). An indictment alleging that the offenses occurred in the Northern District of Georgia and elsewhere is "properly pleaded." *Id*.

"A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990). "[T]he appropriate test . . . is not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards." *United States v. McGarity*, 669 F.3d 1218, 1235-36 (11th Cir. 2012) (citation omitted).

Where the indictment tracks the language of the statutes involved and adequately informs the defendant of the charges against him, a bill of particulars is unnecessary. *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985). "If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge." *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998).

A bill of particulars "is not designed to compel the government to [provide a] detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Roberts*, 174 F. App'x 475, 477 (11th Cir. 2006) (citation omitted). Furthermore, a defendant is not entitled to a bill of particulars concerning "information which is already available through other

sources such as the indictment or discovery and inspection." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986).

The grant or denial of a motion for a bill of particulars "lies within the sound discretion of the trial court." *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981). "The defendant bears the burden of showing that the information requested is necessary and that he will be prejudiced without it so as to justify granting a bill of particulars. A mere statement that the defendant will be prejudiced without the bill is insufficient." *United States v. Reddy*, No. 1:09-CR-0483-ODE-AJB, 2010 WL 3210842, at *4 (N.D. Ga. Apr. 5, 2010), *report and recommendation adopted as modified*, 2010 WL 3211029 (N.D. Ga. Aug. 11, 2010).

"It is simply insufficient that the requested information would be *useful* to the defendant rather than *necessary* to [his] defense; if the defendant has been given adequate notice of the charges against [him] and can prepare fully for trial with reasonably diligent efforts, the Government cannot be required to disclose additional details about its case." *United States v. Henry*, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994) (emphasis added).

## Argument

**1. Davis fails to carry his burden of showing that the information requested is necessary and that he will be prejudiced without it.**

Davis is "not in need of a bill of particulars, [he] simply want[s] one in order to cabin the Government's proof, tailor [his] own case to that proof, and force the Government to invest extensive time in the lead-up to trial to prepare the requested information." *United States v. Kogan*, 283 F. Supp. 3d 127, 131 (S.D.N.Y. 2017). "A bill of particulars is not something to which the defendant is entitled as a matter of right, and the government need not furnish all of the facts which the defendant wants, or which he may think desirable." *United States v. Lupino*, 171 F. Supp. 648, 650 (D. Minn. 1958).

Davis fails to meet his burden of showing that his defense will be prejudiced by the denial of his motion; therefore, his motion should be denied. *See United States v. Spurlin*, No. 1:13-CR-304-TWT-JKL-4, 2018 WL 1702351, at *3 (N.D. Ga. Feb. 27, 2018) (denying bill of particulars because defendant "failed to carry his burden to show that additional details [were] necessary to enable him to prepare his defense, avoid surprise, or plead double jeopardy in a subsequent proceeding"), *report and recommendation adopted*, 2018 WL 1697445 (N.D. Ga. Apr. 6, 2018).

The 10-page Indictment is sufficiently detailed; it tracks the language of the statutes involved, cites the statutes, and adequately informs Davis of the charges against him. [*See* Doc. 1]. Furthermore, as part of the Rule 16 discovery, the government turned over virtually its entire file. Therefore, a bill of particulars is not required. *See Cole*, 755 F.2d at 760.

Moreover, the Indictment is not vague in any respect. Even if it were, however, that problem was "cured" by the extensive discovery provided. *See United States v. Eichholz*, No. CR409-166, 2009 WL 10688165, at *2 (S.D. Ga. Dec. 14, 2009); *see also United States v. Jones*, No. 1:05-CR-617-WSD-AJB, 2007 WL 2071267, at *12 (N.D. Ga. July 19, 2007) (rejecting defendant's argument that the Magistrate Judge was "wrong" when he stated in the R&R that "extensive discovery obviates the need for a bill of particulars").

Because the Government has provided not only all of the discovery required by Rule 16 but also early production of *Jencks* Act material, including all of the agent's investigative reports and all of the witness interview summaries available to date, Davis has "as complete a picture of the government's case as it is possible to have." *Eichholz*, 2009 WL 10688165, at *2.

**2.      The Indictment properly alleges that the charged offenses occurred in the Northern District of Georgia and elsewhere.**

The Indictment alleges that Davis committed the charged offenses "in the Northern District of Georgia and elsewhere." [Doc. 1 ¶¶ 20, 23]. That is "sufficient." *McMillan*, 2024 WL 3564854, at *3 (citing other NDGA cases that reached a similar result). The Government is not required to provide a bill of particulars that lists every district in which the fraud was committed. *See United States v. Thomas*, No. 1:13-CR-0241-1-CAP, 2014 WL 2531952, at *11 (N.D. Ga. June 4, 2014) (denying defendant's request for a bill of particulars that sought to have the government identify what it meant by "elsewhere" when the indictment stated that the fraud occurred "in the Northern District of Georgia and elsewhere"); *see also United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983) (holding that the "the allegation that the criminal activity took place 'in the Northern District of Florida and elsewhere'" met the test of specificity). Therefore, Davis's Motion for Bill of Particulars should be denied insofar as it pertains to venue.

3.   **The Indictment properly alleges that Davis was "aided and abetted by others known and unknown."**

The Indictment alleges that the charged offenses were committed under 18 U.S.C. § 2, which states that a Defendant is criminally responsible for the acts of another person if he willfully directed or authorized that person to act. [Doc. 1 ¶¶ 20, 23]. At this time, however, the Government does not know of anyone who aided and abetted Davis in his commission of the charged offenses.

In light of the detailed Indictment, the Government's compliance with Rule 16 discovery, and the Government's statement that, at this time, it knows of no one who aided and abetted Davis, the Court should find that Davis is "properly informed of the charges against him with sufficient precision to prepare his defense, minimize surprise at trial, and enable him to plead double jeopardy in the event of a later prosecution." *See, e.g., United States v. Martin*, No. 8:17-CR-301-T-24AAS, 2018 WL 3617314, at *2 (M.D. Fla. Mar. 23, 2018) (denying motion for bill of particulars under similar circumstances). Therefore, Davis's Motion for Bill of Particulars should be denied insofar as it seeks information about aiders and abettors. *Id.*

## Conclusion

Davis's Motion for Bill of Particulars [Doc. 13] should be denied in its entirety.

Respectfully submitted,

Richard S. Moultrie, Jr.
*Acting United States Attorney*

/s/ Kelly K. Connors
*Assistant United States Attorney*
Georgia Bar No. 504787

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000
kelly.connors@usdoj.gov