IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DWAYNE PETERSON DAVIS | CRIMINAL ACTION NUMBER<br>1:24-CR-257-JPB-JSA |

**RESPONSE TO DEFENDANT'S MOTION FOR
DISCOVERY AND EARLY PRODUCTION**

The United States of America files this response to Defendant Davis's Motion for Discovery and Early Production. (Doc. 14).

**Introduction**

Counts 1 through 10 of the Indictment charge wire fraud under 18 U.S.C. §§ 1343 and 2. (Doc. 1). Counts 11 through 16 charge transactional money laundering under 18 U.S.C. §§ 1957 and 2. (*Id.*). The Indictment alleges that Davis was the minority owner in a multi-million dollar partnership with GEICO (the majority owner) related to an investment in a commercial development in South Carolina. (*Id.* at 1-2). Around April 2021, GEICO contributed another $5.91 million to the partnership to pay taxes, stop foreclosure proceedings, and settle a lawsuit. (*Id.* at 2). The funds were wired to the partnership's bank account, controlled by Davis. (*Id.*). Rather than using the funds for the limited purposes authorized by GEICO, Davis diverted the funds to other bank accounts that he

controlled. (*Id.* at 3). Although Davis ultimately used some of the funds to pay the taxes owed for the property, he failed to make payments to stop the foreclosure proceedings or settle the lawsuit, and he lied to GEICO about why these payments were not made. (*Id.* at 4-5). He also conducted transactions unrelated to the partnership, such as over $1.6 million to J.G.A., $18,838.75 to McArthur Golf Club, and $200,000 to WW-TW Enterprises, LLC. (*See id.* at 8).

Davis asks the Court to order the government to disclose "its communications with representatives of GEICO both that preceded the Indictment in this case and that followed it." (Doc. 14 at 6). More specifically, he seeks "emails, any written correspondence, and any notes of government representatives documenting calls with GEICO's lawyers." (*Id.* at 7). To justify his requests, Davis recasts sixteen count of wire fraud and money laundering, for which the grand jury found probable cause, as "a civil dispute between long-time business partners" and alleges that GEICO used "the federal law enforcement process to gain an advantage against Mr. Davis." (*Id.* at 6). These allegations fail to support his discovery requests, and the motion should be denied.

**Argument**

Davis claims that the requested documents should be disclosed because the materials would demonstrate (1) that the government accepted GEICO's version of events and only conducted a limited investigation and (2) that GEICO did not disclose to the government its own failure to perform in accordance with the partnership. (*See id.* at 2-4). Davis generally asserts that the requested materials are discoverable under Rule 16, *Brady*, *Giglio*, and *Kyles*. (*Id.* at 3).

First, under Federal Rule of Criminal Procedure 16(a)(2), the requested material, if it exists, is "not subject to disclosure" because it would constitute "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting a case."[1] Fed. R. Crim. P. 16(a)(2); *see, e.g., United States v. Montgomery*, No. 4:20-CR-32-CDL, 2022 U.S. Dist. LEXIS 65959, at *5 (M.D. Ga. Apr. 8, 2022) ("The Government's discovery obligations under Rule

---

[1] Davis's request also ignores that agents' notes are not discoverable. *Jordan*, 316 F.3d at 1227-29, 1253-55; *United States v. Soto*, 711 F.2d 1558 (11th Cir. 1983). The agent must preserve handwritten notes as required by the Court's Pretrial Scheduling Order. (Doc. 9 at 8). But they are not required to be produced.

16(a)(1)(E) are also limited by Rule 16(a)(2) and (a)(3)."). Davis has cited to no authority that the government is required to disclose how an agency chose to proceed with its investigation, particularly when the requested materials are not discoverable under Rule 16(a)(2).

Even if the requested material was subject to disclosure under Rule 16(a)(2), it is still not subject to disclosure under Rule 16(a)(1)(E). It is well-settled that "items 'need not be disclosed unless the defendant demonstrates that it is material to preparation of his defense.'" *United States v. Cruz-Fajardo*, No. 1:16-CR-014-TCB, 2017 WL 3634278, at *4 (N.D. Ga. Aug. 23, 2017) (quoting *United States v. Jordan*, 316 F.3d 1215, 1250 (11th Cir. 2003)) (Batten, J.). The defendant must explain how the requested item(s) will be "helpful to the defense." *Id.* (citing *Jordan*, 316 F.3d at 1250, further citations omitted). To satisfy his burden, Davis cannot rely solely on "conclusory argument[s] that the requested item is material to the defense." *Jordan*, 316 F.3d at 1250. Rather, he must explain why an item is relevant to the preparation of his defense and must demonstrate "some indication that the pretrial disclosure of the item would . . . enable the defendant significantly to alter the quantum of proof in his favor." *Id.* at 1251; *United States*

*v. Ross*, 511 F.2d 757, 762 (5th Cir. 1975);[2] *United States v. Wheeler*, No. 1:15-cr-390-MHC-JFK, 2017 WL 9472982, at *15 (N.D. Ga. June 12, 2017) (same, citing *Ross*) (Walker, M.J.). Davis claims that the items would "show that GEICO did not disclose to or provide the government with any evidence of its broader relationship with Mr. Davis, that it failed to live up to its partnership obligations . . ., and that it was seeking to get an advantage over its longtime partner, Mr. Davis, by going to federal law enforcement." (Doc. 14 at 6). But he provides no explanation for how this information, if true, would "significantly [] alter the quantum of proof in his favor." Moreover, Davis acknowledges that he has already received in discovery a lengthy memorandum containing GEICO's referral to law enforcement, and he fails to demonstrate why this document is insufficient. (*Id.* at 3). To determine materiality to preparation of a defense, the Court considers what has been produced by the government, as well as "the defendant's own knowledge." *Ross*, 511 F.2d at 763. Davis fails to explain why

---

[2] Decisions of the former Fifth Circuit prior to September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

his own knowledge of GEICO's purported failure to comply with the partnership agreement and his longstanding relationship with GEICO is not sufficient for him to be able to prepare a defense.

Davis's motion also asserts in conclusory fashion that the requested materials are subject to disclosure under *Brady* because they are exculpatory. (*Id.* at 6). "[T]he Supreme Court has made clear that the *Brady* rule is not an evidentiary rule that grants broad discovery powers to a defendant and that '[t]here is no general constitutional right to discovery in a criminal case.'" *United States v. Quinn*, 123 F.3d 1415, 1421 (11th Cir. 1997) (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). The government is aware of and takes its *Brady* obligations extremely seriously, and it will continue to comply with this obligation. Davis's requests, however, are nothing more than a general demand for exculpatory material, and "where a defendant [does so] . . . it is the [government] that decides which information must be disclosed." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987). Thus, "[u]nless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." *United States v. Macrina*, No. 1:20-cr-216-SCJ, 2022 WL 4080329, at *7 (N.D. Ga. Sept. 6, 2022) (citing *Ritchie*, 480 U.S. at 59) (Jones, J.).

Davis merely repeats his theory that GEICO referred the matter to federal law enforcement "to gain an advantage against Mr. Davis" to allege that the materials that he seeks are exculpatory. "[M]ere speculation or allegations that the prosecution possesses exculpatory information will not suffice to prove 'materiality.'" *Jordan*, 316 F.3d at 1252 n.81; *see also United States v. Owden*, 345 F. App'x 448, 457 (11th Cir. 2009) ("A district court may decline to order discovery 'based upon mere speculation as to whether the material would contain exculpatory evidence because to do so would convert *Brady* into a discovery device and impose an undue burden upon the district court.'") (quoting *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1189 (11th Cir. 2006)); *see also United States v. Warner*, No. 1:13-CR-139-CAP-JFK, 2013 U.S. Dist. LEXIS 186862, at **45-46 (N.D. Ga. Oct. 22, 2013) (denying defendant's motion to produce entire investigative file as *Brady* where he failed to "identify specific information for disclosure" and "failed to present a sufficient argument that the entire investigative file qualifies as *Brady* information" simply because an agent commented to the defendant's former counsel that he was closing the criminal file), *approved and adopted by*, 2014 U.S. Dist. LEXIS 47976 (N.D. Ga. Apr. 7, 2014). Davis's request is based on mere speculation that GEICO sought to gain an advantage against Davis in what he asserts is "a civil dispute." But this allegation

is belied by the fact that a grand jury returned an Indictment against Davis, charging him with 16 counts of wire fraud and money laundering. Davis provides no support for his broad allegation that the victim's referral to law enforcement constitutes exculpatory material.

Finally, Davis argues that the requested materials are "impeachment evidence for expected witnesses from GEICO." (Doc. 14 at 6). Under *Giglio*, "the Government is required to turn over to a criminal defendant any impeachment evidence that is likely to cast doubt on the reliability of a witness whose testimony may be determinative of guilt or innocence." *United States v. Valdes*, 214 F. App'x 948, 951 (11th Cir. 2007). But a defendant is not entitled to impeachment information regarding non-testifying witnesses because the government's duty to disclose impeachment information applies only to testifying witnesses. *See id.* ("[B]oth the discovery order and *Giglio* apply only to impeachment information relating to a government witness . . . they are inapplicable because the government did not ever call [the informant] as a witness"); *Greeson*, No. 4:13-cr-02-01-HLM (N.D. Ga., Doc. 35) ("[T]he Government is not obligated to provide impeachment information for non-witnesses . . . ."). Similarly, Rule 16 bars discovery of "prospective government witnesses. Fed. R. Crim. P. 16(a)(2); *see United States v. Foo*, No. CR 106-007, 2007

WL 1521669, at *3 (S.D. Ga. May 21, 2007) ("Rule 16(a)(2) prevents the 'discovery or inspection . . . of statements made by government witnesses except as provided in 18 U.S.C. § 3500.' [...] The statements of persons the government does not intend to call as witnesses at trial amount, therefore, to nothing more than internal memoranda discovery of which is not permitted pursuant to the explicit mandate of Rule 16(a)(2)."). And the "*Jencks* Act does not apply to the statements of non-testifying witnesses." *United States v. Schier*, 438 F.3d 1104, 1112 (11th Cir. 2006). At this juncture, the government has not identified its trial witnesses, and the Court should decline to require premature disclosure of prospective witnesses' statements, if they exist. Davis paints this request as "a simple matter of gathering and producing emails, any written correspondence, and any notes of government representatives documenting calls with GEICO's lawyers." (Doc. 14 at 7). But his characterization highlights why his request should be denied; GEICO's lawyers may not be called as fact witnesses.

## Conclusion

Davis's Motion for Discovery and Early Production (Doc. 14) should be denied.

Respectfully submitted,

Richard S. Moultrie, Jr.
*Acting United States Attorney*

/s/ Kelly K. Connors
*Assistant United States Attorney*
Georgia Bar No. 504787

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000
kelly.connors@usdoj.gov