IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. |
| v. | ) | 1:24-CR-257-JPB-JSA |
| | ) | |
| DWAYNE PETERSON DAVIS | ) | |

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR BILL OF PARTICULARS

The Government responds to Defendant's motion for a bill of particulars regarding venue with generic and boilerplate arguments that do not specifically address Defendant's narrow request. The Government also fails to address Defendant's argument that discovery does not provide the information requested and ignores cases cited by Defendant that support the relief sought here. Instead, the Government relies on a recent case denying a motion to dismiss, which is inapplicable here as explained below, and other inapposite cases.

The Government first argues that Defendant has not met his burden of proof because the "10-page Indictment is sufficiently detailed" (although the Government identifies nowhere any venue detail), cites and tracks the language of the relevant statutes (not an issue raised by Defendant's motion as to venue), and adequately informs Defendant of the charges against him (again, not an issue raised by Defendant's motion as to venue). (Doc. 18 at 8). The Government's

1

argument is generic boilerplate – the type of argument raised in response to a broader motion for a bill of particulars regarding the charged crimes, which is not the type of motion at issue here.  Defendant showed the Court in detail that the indictment and discovery are too vague to prepare to contest venue at trial.  (Doc. 13 at 6-9). Rather than address that argument, the Government responds with conclusory statements that it does not even attempt to connect to Defendant's motion or venue.

     The Government attempts to bolster its non-responsive argument by claiming that any issue with the venue allegation is "cured by the extensive discovery provided." (Doc. 18 at 8).  But this claim too is generic boilerplate that the Government does not tie specifically to this case or the issue raised by Defendant's Motion.  The Government points to *nothing* in discovery - no document(s), no bates range(s), not even an example - where the evidence by which it intends to prove venue can be found.  (*Id.*). The Government does not even respond to Defendant's specific examples that the discovery for Count One and other counts reflects wirings that do not begin, end, or pass through the Northern District of Georgia, although the Government concedes that is required to lay venue. (Doc. 13 at 7-8).  The Government does not even distinguish between the wire fraud and money laundering counts alleged in the Indictment.  The Government's failure to address these examples is an admission that, contrary to

2

the claim made in its response, discovery in fact does *not* provide the information Defendant seeks here.

The Government next mistakenly argues that Defendant's motion should be denied because the indictment alleges that the crimes occurred "in the Northern District of Georgia and elsewhere." (Doc. 18 at 9). The Government claims that allegation is "sufficient" here because another Court in this district denied at the pretrial stage a motion to dismiss for incorrect venue. (*Id.*) (citing *United States v. McMillan*, No. 1:23-CR-309-SDG-JKL, 2024 WL 3564854, at *1 (N.D. Ga. July 3, 2024), *R&R adopted*, No. 1:23-CR-00309-SDG-JKL, 2024 WL 3557449 (N.D. Ga. July 26, 2024). But the sufficiency of that allegation for purposes of a pretrial motion to dismiss has nothing to do with Defendant's motion for a bill of particulars here and ability to prepare for trial. Indeed, the *McMillian* defendant used evidence from discovery in support of his motion to dismiss, showing that unlike here, discovery in *McMillian* provided information lacking here. *See McMillan*, 2024 WL 3564854, at *2 (noting defendant's argument that "discovery shows that the money orders used to make the payment were purchased in and mailed from" another district).

The remaining cases cited by the Government are also inapposite. The Court in *United States v. Thomas*, No. 1:13-CR-0241-1-CAP, 2014 WL 2531952, at *12 (N.D. Ga. June 4, 2014) decided that the indictment was "sufficient to inform

3

the Defendant of the location, at least partially, of his alleged fraudulent activity," which is not the request at issue here. Defendant here does not seek particularization of the location of the alleged fraud, but rather particularization of how the Government has alleged and intends to prove venue here, a request not made in *Thomas*. Similarly, in *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983), the defendant argued on appeal that the indictment "was too vague to satisfy his sixth amendment guarantee to be informed of the government's accusation against him." *Yonn* does not reflect that Defendant argued or even attempted to show prejudice at trial as a result. Unsurprisingly, the *Yonn* Court rejected a post-trial insufficiency of the indictment claim unsupported by any showing of prejudice. And *Yonn* did not decide any issue specific to the venue allegation, as the Court only included venue in a list of information alleged in the indictment. Defendant seeks a bill of particulars on venue here precisely because he will be prejudiced in preparing for trial as shown in his motion.

In contrast to the Government's reliance on inapposite cases, Defendant's Motion cites multiple cases in which courts ordered the Government to particularize vague venue allegations like the one here. (Doc. 13 at 8-9). The Government's response does not address a single one of these cases. This Court should follow the reasoning of those courts and order the requested bill of particulars. The Government should not be allowed to take Defendant to trial

4

without disclosing the basis on which it has laid venue in this district for all counts in the Indictment, which is necessary for adequate preparation and the avoidance of improper prejudice. *See* (Doc. 13 at 6-9).

Regarding the aiding and abetting allegation, the Government's response admits that it has no factual basis for that allegation. (Doc. 18 at 10). Because the Government filed its aiding and abetting allegation in the Indictment, the Court should require the Government to file its new statement regarding that allegation in a bill of particulars. Magistrate Judge Vineyard did precisely that in *United States v. Melvin*, No. 3:14-CR-00022-TCB-RGV, Docket 98 (N.D. Ga. April 7, 2015) (available on Pacer), which Defendant cited in his Motion, (Doc. 13 at 10 & n.1). In *Melvin*, the Government informed defendants of the scope of the aiding and abetting allegation and also made the same representation to the Court at a hearing. The Court rejected the Government's argument that such disclosure was sufficient and required the Government to file that information in a bill of particulars. *Melvin*, (Doc. 98 at 10-11). This Court should do the same.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion for a Bill of Particulars and order the Government to particularize the venue and aiding and abetting allegations in the Indictment.

Respectfully submitted this 4th day of March 2025.

_____
Douglas W. Gilfillan
Georgia Bar No. 294713

Gilfillan Law LLC
One Atlantic Center
1201 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
Phone: (404) 795-5016
Email: doug@gilfillanlawllc.com

*Counsel for Dwayne Peterson Davis*

## LOCAL RULE 7.1D CERTIFICATE

The undersigned hereby certifies that the foregoing has been formatted in Times New Roman font, 14 point type, which complies with the font size and point requirements of Local Rule 5.1C.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 4th day of March, 2025.

*/s/ Douglas W. Gilfillan*
Douglas W. Gilfillan