IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. |
| v. | ) | 1:24-CR-257-JPB-JSA |
| | ) | |
| DWAYNE PETERSON DAVIS | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR DISCOVERY AND EARLY PRODUCTION**

The Government's response to Defendant's Motion for Discovery and Early Production sets up and tries to knock down straw man arguments. In doing so, the Government's response variously ignores and mischaracterizes the lawful reasons requiring production of the requested discovery set forth in Defendant's Motion. Moreover, the Government does not claim that it or the alleged victim will be burdened or prejudiced in any way by producing the requested communications. In contrast, Defendant needs the requested materials to prepare his defense as explained in his Motion and will be impermissibly prejudiced if discovery is not had. The Court should order the requested materials produced.

The Government first wrongly attempts to shoehorn Defendant's discovery request into Federal Rule of Criminal Procedure 16(a)(2), which provides that Rule 16 does not make certain "internal government documents" subject to discovery. But Defendant is not seeking "internal government documents" that fall within the

1

scope of Rule 16(a)(2).  As explained in his Motion, Defendant seeks, under various disclosure doctrines (not just Rule 16), discovery of communications from GEICO and its representatives with the Government about the allegations in the Indictment, including communications that fall within the period of the Indictment. *See* (Doc. 14.)  The Government cites no authority for misbranding those communications as "internal government documents" within the scope of Rule 16(a)(2).  While the Government attempts to portray Defendant's request as one for agent's notes, (Doc. 19 at 3, n.1), any such notes of victim interviews, or in the case of a company as here, interviews of its representatives, should be memorialized in an FD-302 and produced. The Government can have no objection to producing those, especially since it represents to the Court that it has produced all available summaries (although it has only produced one, for an interview of the Defendant).  *See* (Doc. 18 at 8).

      The Government next incorrectly argues that Defendant has not sufficiently shown that the requested items are material to his defense and therefore not subject to production under Rule 16(a)(1)(E).  Again putting aside that Defendant's request also relies on other doctrines requiring production, such as *Brady* and *Giglio*, Defendant has shown that the requested items are material to preparing his defense. *See* (Doc. 14.)  As shown in Defendant's Motion, GEICO has coopted federal law enforcement to gain an advantage in a civil business dispute with its long-time

2

business partner. (*Id.*) GEICO's failure to disclose all the facts and circumstances of its dispute with Defendant to law enforcement is important evidence of the alleged victim's purpose and motive in communicating with federal law enforcement. This in turn bears on whether GEICO was really defrauded as the Government has alleged. Here, the Government appears to have done almost no independent investigation. (*Id.* at 4.) That makes the information provided by GEICO even more material and necessary to the preparation of Defendant's defense. While the Government labels Defendant's arguments as "mere speculation," the Court should reject the Government's effort to summarily dismiss Defendant's proffered reasons for the requested discovery.

Similarly, the Government incorrectly labels Defendant's *Brady* argument as a "general demand for exculpatory material." (Doc 19 at 6). But the showing made in Defendant's Motion refutes that argument. It is the Government who is being general here – advancing a general refusal to produce the requested materials without explaining why Defendant is incorrect and without asserting any burden or prejudice from the requested discovery.

Moreover, the Government's assertions are apparently made without even reviewing the requested material. The Government does not explain the nature of the communications GEICO had with it, does not address whether it has even reviewed any such communications in refusing Defendant's requests and opposing

3

his motion, and does not explain why such communications are not material as Defendant has shown. In claiming that Defendant has not met his burden here, the Government does not present any of these things as a reason that Defendant is wrong or as a reason to deny the requested discovery.  The Court should reject the Government's bald and unsupported reasons for treating the requested materials as outside *Brady* and its progeny.

Finally, the Government argues that the requested materials need not be produced as *Giglio* because the Government does not intend to call any of the lawyers who communicated with it about this matter.  (Doc. 19 at 8-9).  First, neither the Court nor Defendant have any reason to accept the implicit assertion that only lawyers for GEICO communicated with the Government about this case. The Government provides no support for this implicit assertion, and as noted above, does not even represent that it has reviewed the requested discovery materials.  Second, GEICO is a large company that acts only through its representatives, whether lawyers, executives, employees or agents.  Having alleged that GEICO, the company, is the victim in this case, the Government should not be allowed to argue that any statements from its representatives are off limits here. While the Government may pick and choose for strategic reasons which individual GEICO representatives it will call at trial, all statements by GEICO's representatives are essentially a victim statement and should be treated as such.

There is no good reason to deny Defendant discovery of the victim's statements in this case. Additionally, the Court should not let the Government's purported strategic decisions on which representative to call as a witness at trial, especially at this stage of the case and without having reviewed the discovery material, drive the permissible scope of discovery here.  That would be tantamount to allowing the Government, by asserting that it would not call certain representatives, to immunize material from corporate victims in its possession from discovery of *Brady*, *Giglio*, and Rule 16 material.

The Government does not advance any argument that providing the requested discovery will in any way burden or prejudice either it or GEICO, a Fortune 500 company.  Unlike cases in which the alleged victim is an individual, there are no privacy or similar issues in play.  In contrast, denying this discovery will impermissibly burden Defendant's constitutional and legal rights that ensure him an opportunity to prepare his defense.  In brief, the Government provides no good reason to deny the discovery sought here, in contrast to Defendant's lawful and necessary reasons for such discovery.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion for Discovery and Early Production.

Respectfully submitted this 4th day of March 2025.

/s/ Douglas W. Gilfillan
Douglas W. Gilfillan
Georgia Bar No. 294713

Gilfillan Law LLC
One Atlantic Center
1201 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
Phone: (404) 795-5016
Email: doug@gilfillanlawllc.com

*Counsel for Dwayne Peterson Davis*

## LOCAL RULE 7.1D CERTIFICATE

The undersigned hereby certifies that the foregoing has been formatted in Times New Roman font, 14 point type, which complies with the font size and point requirements of Local Rule 5.1C.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 4th day of March, 2025.

*/s/ Douglas W. Gilfillan*
Douglas W. Gilfillan
