IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA　　　)
　　　　　　　　　　　　　　　　)　　Criminal Action No.
　　　　　v.　　　　　　　　　　)　　1:24-CR-257-JPB-JSA
　　　　　　　　　　　　　　　　)
DWAYNE PETERSON DAVIS　　　　)

**MOTION FOR EXTENSION OF TIME
TO VOLUNTARILY SURRENDER**

Defendant Pete Davis, by and through counsel, respectfully files this second

Motion for an extension of time to voluntarily surrender, which is currently set for

March 30, 2026. Mr. Davis seeks an additional 90 days to surrender so that he can

continue working on several transactions that upon closing will enable him to

make payments toward his restitution obligation of $3.6 million and to finish

winding up partnerships involving other investors.

Because he controls numerous pieces of real estate through various LLCs,

many if not most of which involve other parties and their own financial interests,

Mr. Davis's personal financial situation is far more complex than the average

defendant. He is working to divest himself of and wind down as many of his

interests as possible, but the timing of that is subject to the market, and

counterparties who move at their own pace and for their own reasons. Since his

prior motion to extend his reporting date, Mr. Davis has been working to close the

1

transactions previously described to the Court and divest himself of such control of other real estate, which if successful will generate from his interests significant payments towards his restitution obligation as well as benefit the other parties who have interests in such matters. In addition, Mr. Davis continues to windup partnerships involving numerous other individuals who will benefit from allowing Mr. Davis to complete such windups before reporting to custody. Mr. Davis has managed to wind up about a third of the partnerships that was described to the Court previously. Additional time is needed to continue this work also.

The current status of the transactions previously described to the Court is as follows:

- The sale for $320,000 of 48 acres of developed property in Warrenville, South Carolina is still pending. As reflected by the email attached at Exhibit A, [1] closing was delayed because the buyer was waiting on information from its engineer. However, in January 2026, the buyer informed Mr. Davis that it is ready to close and the parties are targeting a closing date in late April. *See* Exhibit A.

- The sale for $400,000 of 3.5 acres of development land and an historic barn in Graniteville did not close. That property is now part of a larger

---

[1] Counsel has provided the Government unredacted copies of the exhibits to this Motion and can also provide them to the Court, albeit with the request that unredacted copies submitted to the Court be filed under seal to protect counterparty information.

2

potential transaction with an investor that the investor, as a whole, values at $20 million, involving a data center and community investments in Graniteville, South Carolina. A letter from the investor describing the potential transaction and seeking a 30-day exclusive period to negotiate the transaction is attached as Exhibit B.

- The closing of Recleim, LLC, and liquidation of its equipment are still in progress. Although the settlement agreement with the bank gave Recleim and the holder of the note, Recleim Phoenix ("RP"), the right to enter Recleim's facility and remove equipment for sale, the bank denied access after these entities entered and cleaned up the property to prepare for such sale. Before and after pictures of such clean up are attached as Exhibit C. RP will likely have to take legal action to regain access to the facility so that the equipment can be sold as previously described (which Mr. Davis expects to result in funds that will be paid towards restitution). Given that Mr. Davis controls RP, his involvement is central to the completion of the closing and liquidation of assets, for which he still has one agreement in principle to sell (but needs access to move forward).

In addition to the potential data center transaction described above, Mr. Davis has the following new transactions underway:

- The $20,000 sale of a parking lot in Aiken, South Carolina, that should close in mid-April. Mr. Davis's interest, half, would go to restitution. *See* Exhibit D (given the size of this transaction, Mr. Davis is expecting it to be documented with a bill of sale at closing).

- The $49,000 sale of property on Hester Street in Graniteville, South Carolina, which went under contract on March 5, 2025, and is scheduled to close on April 13, 2026.  *See* Exhibit E. Half of this amount will go to restitution.

Finally, Mr. Davis has completed winding up three partnerships involving other investors, as described in his prior motion. Mr. Davis is continuing to wind up the additional partnerships previously described. Mr. Davis will not realize proceeds from these transactions, but winding these partnerships up will benefit a significant number of investors.  An extension of his reporting date will also help Mr. Davis get tax documents for these entities out on time to these investors.  As previously related, given the complexity of winding up these partnerships and selling their assets, Mr. Davis does not believe that he can accomplish that once he begins serving his custodial sentence.

Undersigned counsel has communicated with Government counsel and been informed that the Government opposes this motion.

## CONCLUSION

These transactions are subject to the market and involve counterparties who move on their own schedules. Mr. Davis only seeks to delay the start of his custodial sentence by an additional 90 days, through and including June 29, 2026, to continue attempting to close the above transactions, which will generate funds for restitution.

Respectfully submitted this 26th day of March, 2026.

Douglas W. Gilfillan
Georgia Bar No. 294713

Gilfillan Law LLC
One Atlantic Center
1201 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
Phone: (404) 795-5016
Email: doug@gilfillanlawllc.com

*Counsel for Dewayne Peterson Davis*

**LOCAL RULE 7.1D CERTIFICATE**

The undersigned hereby certifies that the foregoing has been formatted in Times New Roman font, 14 point type, which complies with the font size and point requirements of Local Rule 5.1C.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 26th day of March, 2026.

/s/ Douglas W. Gilfillan
Douglas W. Gilfillan