UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

DWAYNE PETERSON DAVIS,

Defendant.

CRIMINAL ACTION NO.
1:24-CR-00257-JPB-JSA-1

## **ORDER**

This matter is before the Court on Defendant's Motion for Extension of Time to Voluntarily Surrender [Doc. 56]. The Court finds as follows.

On May 21, 2025, Defendant pled guilty to one count of wire fraud in violation 18 U.S.C. §§ 1343 and 2. [Doc. 1]; [Doc. 39]. On August 19, 2025, the Court sentenced Defendant to twenty-nine months of imprisonment followed by thirty-six months of supervised release. [Doc. 48]. In the Judgment and Commitment Order, the Court further requested that Defendant's date of surrender to the custody of the Bureau of Prisons ("BOP") be no sooner than November 19, 2025. Id. Thereafter, on November 11, 2025, Defendant filed his initial Unopposed Motion for Extension of Time to Voluntarily Surrender requesting that his voluntary surrender date be set for no sooner than March 30, 2026. [Doc. 52].

The Court granted the motion, [Doc. 54], and the BOP subsequently set Defendant's date of voluntary surrender for March 30, 2026, [Doc. 56, p. 1].

On March 26, 2026, Defendant filed the instant motion. Id. In his motion, Defendant requests an additional ninety days before he is required to surrender to BOP custody so that he can "continue working on several transactions that upon closing will enable him to make payments toward his restitution obligation of $3.6 million and to finish winding up partnerships involving other investors." Id. The government opposes Defendant's motion, noting that Defendant has yet to pay any of his restitution or close any of the "business deals that he describes in his filings." [Doc. 57, p. 3]. The government further argues that Defendant has other means of handling his business affairs while in custody; namely, by providing power of attorney to a colleague, delegating matters to his wife or by allowing the United States to "hir[e] an auctioneer to sell assets." Id. at 3–4.

At the outset, the Court applauds Defendant's desire to fulfill his restitution obligation and wishes to accommodate his efforts to do so. However, the Court balances its consideration of these efforts with the acknowledgement that Defendant cannot indefinitely receive extensions on this basis and, indeed, has already received over seven months since the sentencing hearing to spend time with his family and arrange his business affairs. Accordingly, Defendant's Motion

2

for Extension of Time to Voluntarily Surrender [Doc. 56] is **GRANTED IN PART**.[1]  Defendant's voluntary surrender is therefore postponed until no sooner than May 21, 2026.

    **SO ORDERED** this 28th day of March, 2026.

                    J. P. BOULEE
                    United States District Judge

---

[1] Given that this is Defendant's second extension of his voluntary surrender date, the Court is unlikely to grant further extensions.